**Thomas T. IRVIN, Commissioner of Agriculture, State of Georgia, Trustee, Plaintiff,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant and Third-Party Plaintiff,**

v.

**Howard E. HENRY, Third-Party Defendant.**

**Civ. A. No. CV 383–07.**

United States District Court, S.D. Georgia, Dublin Division.

Sept. 26, 1984.

Gregory W. Blount, Asst. Atty. Gen., Michael J. Bowers, Atty. Gen. of Ga., Ga., for plaintiff.

J. Alexander Porter, John O. Moore, Atlanta, Ga., Joe W. Rowland, Wrightsville, Ga., for defendant.

**ORDER**

ROBERT H. HALL, District Judge.

This case is presently before the court on the third-party defendant's motion for summary judgment. Federal jurisdiction is predicated on the fact that this is an action upon a federal bond. 28 U.S.C. § 1352 (1976).

## FACTS

Howard E. Henry ("Henry"), the third-party defendant in this action, is registered with the United States Department of Agriculture, Packers and Stockyards Administration, as a livestock dealer and is licensed by the Georgia Department of Agriculture as a livestock dealer. On or about April 10, 1974, defendant United States Fidelity and Guaranty Company ("USF & G"), as surety, and Henry, as principal, executed a bond required of livestock dealers under the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. § 181 *et seq.* (1980). On or about April 4, 1979, these parties executed a rider reducing the penal sum of the bond from $20,000 to $10,000. Such bond was accepted by plaintiff, the Georgia Commissioner of Agriculture, as trustee on the bond.

In July of 1981 Henry purchased livestock from three sellers. The full purchase price of the livestock has not been paid to the sellers. In all the transactions Henry was acting as an agent for B & M Livestock Co., Inc. ("B & M Livestock"); this fact was known by the sellers and had been approved and accepted by them.

Prior to filing claims against Henry's bond, the sellers filed claims against the statutory bond of B & M Livestock, filed proofs of claim in the voluntary bankruptcy proceeding filed by B & M Livestock, and swore out and filed criminal warrants against the officers of B & M Livestock, charging them with failure and refusal to pay for the livestock. Partial recovery was made on the claims filed against B & M Livestock's bond and the bankruptcy proceeding has not yet been concluded.

The sellers then filed claims against Henry's bond. The Georgia Commissioner of Agriculture, in his capacity as trustee on the bonds, made an official demand upon defendant USF & G for payment. Defendant failed to make payment to the plaintiff. Plaintiff then instituted this action. Defendant answered the complaint and filed a third-party complaint against Henry. Henry has now moved for summary judgment.

Further facts will be disclosed as necessary for the discussion of the motion.

## DISCUSSION

Third-party defendant Henry argues two bases for summary judgment: (1) that the sellers, having elected to proceed against B & M Livestock Co., are now barred from proceeding against Henry, the agent; and (2) that Henry represented a disclosed principal and that it was the intention of the sellers and Henry that only the principal should be held liable on the transactions. The court will address each argument separately.

### A) *Bar*

■ In support of his theory that the sellers are barred from proceeding against his bond, Henry cites the general principle of agency law which holds that the contractual liability of a principal and his/her agent is not joint, and after election to proceed against one, the other cannot be held. This court agrees with plaintiff that this general state law agency principle is inapplicable to liability under the federal bond because the bond creates an independent contractual liability for the dealer/agent which is in addition to the obligation of the buyer/principal to pay the purchase price of the livestock. *United States Fidelity and Guaranty v. Clover Creek Cattle Co.*, 92 Idaho 889, 452 P.2d 993 (1969).

■ In further support of his election theory, Henry argues that the bond does not create joint liability. Under 9 C.F.R. § 201.31 a dealer is required to post a bond covering "all livestock purchased for his account and for the account of others." According to Henry there can only be one "purchaser" and because the sellers have previously contended that B & M Livestock was the purchaser, they cannot now argue that Henry is a purchaser. The court disagrees with this narrow interpretation. Purchasing livestock "for the accounts of others" clearly indicates an agency relationship whereby the "other" is billed for the livestock. *See Arnold Livestock Sales Co. v. Pearson*, 383 F.Supp. 1319 (D.Neb.

1974), and *Clover Creek, supra.* By virtue of Henry's bidding on livestock to be billed to the account of B & M Livestock, Henry "purchased" for the account of another within the meaning of his bond.[1]

### B) *Disclosed Principal*

Henry bases his second argument on the principle of agency law whereby an agent representing a disclosed principal cannot be liable unless s/he is a party to the contract. Again the court finds that general agency law is inapplicable to liability on the federal bond. The court agrees with the *Clover Creek* court, *supra,* that Henry's bond "constitutes an independent promise by him to guarantee payment to the extent of his bond for all ... [livestock] ... purchased by him for himself or for disclosed or undisclosed principals." *Id.* at 897, 452 P.2d at 1001. The federal policy underlying the Packers and Stockyards Act is an attempt to safeguard the business transactions of the livestock industry. The existence of the dealer's bond is the "only reliable guarantee that the livestock producer will be paid." *Id.*

In addition, third-party defendant Henry states in his undisputed facts and brief that it is undisputed that the sellers did not expect to hold Henry responsible for the purchase price. While it is undisputed that B & M Livestock was to buy the livestock and pay the purchase price, there appears to be a dispute as to whether the sellers agreed to exclusively hold B & M Livestock responsible to the exclusion of their rights under this bond.

For the reasons stated herein the court disagrees with third-party defendant Henry's interpretation of the federal law involved in the present case. Henry's motion for summary judgment is therefore DENIED.

---

1. The court sees no inconsistency in allowing the sellers to proceed against both the principal and the agent. Henry seems to suggest that this theory will allow a double recovery. While no authority is cited for the proposition, the court is convinced that plaintiff is correct in the assertion that "any claims submitted under the bond are adjusted to represent only the actual loss experienced by the claimant [seller] by the breach of the condition to pay for livestock." (Plaintiff's Brief in Opposition to Henry's Motion for Summary Judgment, p. 4). Henry is invited to inform the court if plaintiff's assertion is incorrect.